1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          NORTHERN DISTRICT OF CALIFORNIA
10              SAN JOSE DIVISION

| | |
|---|---|
| CARDONET, INC., | CASE NO. CV 06-06637 |
| Plaintiff, | Judge:      Hon. Ronald M. Whyte |
| vs. | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| IBM CORPORATION, | |
| Defendant. | |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to

1 │ file confidential information under seal; Civil Local Rule 79-5 sets forth the
2 │ procedures that must be followed and reflects the standards that will be applied
3 │ when a party seeks permission from the court to file material under seal.  The parties
4 │ further acknowledge that this Stipulated Protective Order does not affect either
5 │ parties' right to use or disclose its own confidential, proprietary, or private
6 │ information.

7 │
8 │    2.    DEFINITIONS
9 │         2.1    Party:  any party to this action, including all of its officers,
10 │ directors, employees, consultants, retained experts, and outside counsel (and their
11 │ support staff).
12 │         2.2    Disclosure or Discovery Material:  all items or information,
13 │ regardless of the medium or manner generated, stored, or maintained (including,
14 │ among other things, testimony, transcripts, or tangible things) that are produced or
15 │ generated in disclosures or responses to discovery in this matter.
16 │         2.3    "Confidential" Information or Items:  information (regardless of
17 │ how generated, stored or maintained) or tangible things that qualify for protection
18 │ under standards developed under F.R.Civ.P. 26(c).
19 │         2.4    "Highly Confidential – Attorneys' Eyes Only" Information or
20 │ Items:  extremely sensitive "Confidential Information or Items" whose disclosure to
21 │ another Party or non-party would create a substantial risk of serious injury that
22 │ could not be avoided by less restrictive means.
23 │         2.5    Receiving Party:  a Party that receives Disclosure or Discovery
24 │ Material from a Producing Party.
25 │         2.6    Producing Party:  a Party or non-party that produces Disclosure
26 │ or Discovery Material in this action.
27 │
28 │

1   2.7   <u>Designating Party</u>:  a Party or non-party that designates

2 information or items that it produces in disclosures or in responses to discovery as

3 "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

4   2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is

5 designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

6   2.9   <u>Outside Counsel</u>:  attorneys who are not employees of a Party

7 but who are retained to represent or advise a Party in this action.

8   2.10   <u>House Counsel</u>:  attorneys who are employees of a Party.

9   2.11   <u>Counsel (without qualifier)</u>:  Outside Counsel and House

10 Counsel (as well as their support staffs).

11   2.12   <u>Expert</u>:  a person with specialized knowledge or experience in a

12 matter pertinent to the litigation who has been retained by a Party or its counsel to

13 serve as an expert witness or as a consultant in this action and who is not a past or a

14 current employee of a Party or of a competitor of a Party's and who, at the time of

15 retention, is not anticipated to become an employee of a Party or a competitor of a

16 Party's.  This definition includes a professional jury or trial consultant retained in

17 connection with this litigation.

18   2.13   <u>Professional Vendors</u>:  persons or entities that provide litigation

19 support services (e.g., photocopying; videotaping; translating; preparing exhibits or

20 demonstrations; organizing, storing, retrieving data in any form or medium; etc.)

21 and their employees and subcontractors.

22

23   3.   <u>SCOPE</u>

24 The protections conferred by this Stipulation and Order cover not only

25 Protected Material (as defined above), but also any information copied or extracted

26 therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

27 testimony, conversations, or presentations by parties or counsel to or in court or in

28 other settings that might reveal Protected Material.

1    4.    DURATION

2    Even after the termination of this litigation, the confidentiality obligations

3    imposed by this Order shall remain in effect until a Designating Party agrees

4    otherwise in writing or a court order otherwise directs.

5

6    5.    DESIGNATING PROTECTED MATERIAL

7    5.1    Exercise of Restraint and Care in Designating Material for

8    Protection.  Each Party or non-party that designates information or items for

9    protection under this Order must take care to limit any such designation to specific

10    material that qualifies under the appropriate standards.  A Designating Party must

11    take care to designate for protection only those parts of material, documents, items,

12    or oral or written communications that qualify – so that other portions of the

13    material, documents, items, or communications for which protection is not

14    warranted are not swept unjustifiably within the ambit of this Order.

15    Mass, indiscriminate, or routinized designations are prohibited.

16    Designations that are shown to be clearly unjustified, or that have been made for an

17    improper purpose (e.g., to unnecessarily encumber or retard the case development

18    process, or to impose unnecessary expenses and burdens on other parties), expose

19    the Designating Party to sanctions.

20    If it comes to a Party's or a non-party's attention that information or

21    items that it designated for protection do not qualify for protection at all, or do not

22    qualify for the level of protection initially asserted, that Party or non-party must

23    promptly notify all other parties that it is withdrawing the mistaken designation.

24    5.2    Manner and Timing of Designations.  Except as otherwise

25    provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as

26    otherwise stipulated or ordered, material that qualifies for protection under this

27    Order must be clearly so designated before the material is disclosed or produced.

28    Designation in conformity with this Order requires:

-4-

1        a.    <u>for information in documentary form</u> (apart from

2 transcripts of depositions or other pretrial or trial proceedings), that the Producing

3 Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

4 ATTORNEYS' EYES ONLY" at the top of each page that contains protected

5 material.  If only a portion or portions of the material on a page qualifies for

6 protection, the Producing Party also must clearly identify the protected portion(s)

7 (e.g., by making appropriate markings in the margins) and must specify, for each

8 portion, the level of protection being asserted (either "CONFIDENTIAL" or

9 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").

10        A Party or non-party that makes original documents or materials

11 available for inspection need not designate them for protection until after the

12 inspecting Party has indicated which material it would like copied and produced.

13 During the inspection and before the designation, all of the material made available

14 for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS'

15 EYES ONLY."  After the inspecting Party has identified the documents it wants

16 copied and produced, the Producing Party must determine which documents, or

17 portions thereof, qualify for protection under this Order, then, before producing the

18 specified documents, the Producing Party must affix the appropriate legend

19 ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20 ONLY") at the top of each page that contains Protected Material.  If only a portion

21 or portions of the material on a page qualifies for protection, the Producing Party

22 also must clearly identify the protected portion(s) (e.g., by making appropriate

23 markings in the margins) and must specify, for each portion, the level of protection

24 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

25 ATTORNEYS' EYES ONLY").

26        b.    <u>for testimony given in deposition or in other pretrial or</u>

27 <u>trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony

28 identify on the record, before the close of the deposition, hearing, or other

1  proceeding, all protected testimony, and further specify any portions of the

2  testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

3  ONLY."  When it is impractical to identify separately each portion of testimony that

4  is entitled to protection, and when it appears that substantial portions of the

5  testimony may qualify for protection, the Party or non-party that sponsors, offers, or

6  gives the testimony may invoke on the record (before the deposition or proceeding

7  is concluded) a right to have up to 20 days (beginning to run when the testifying

8  Party receives a transcript from the reporter) to identify the specific portions of the

9  testimony as to which protection is sought and to specify the level of protection

10 being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

11 ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are

12 appropriately designated for protection within the 20 days shall be covered by the

13 provisions of this Stipulated Protective Order.

14             Transcript pages containing Protected Material must be

15 separately bound by the court reporter, who must affix to the top of each such page

16 the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

17 EYES ONLY," as instructed by the Party or non-party offering or sponsoring the

18 witness or presenting the testimony.

19             c.     for information produced in some form other than

20 documentary, and for any other tangible items, that the Producing Party affix in a

21 prominent place on the exterior of the container or containers in which the

22 information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

23 CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the

24 information or item warrant protection, the Producing Party, to the extent

25 practicable, shall identify the protected portions, specifying whether they qualify as

26 "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

27             5.3   Inadvertent Failures to Designate.  If timely corrected, an

28 inadvertent failure to designate qualified information or items as "Confidential" or

1  "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the

2  Designating Party's right to secure protection under this Order for such material.  If

3  material is appropriately designated as "Confidential" or "Highly Confidential –

4  Attorneys' Eyes Only" after the material was initially produced, the Receiving

5  Party, on timely notification of the designation, must make reasonable efforts to

6  assure that the material is treated in accordance with the provisions of this Order.

7

8          6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

9          6.1    Timing of Challenges.  Unless a prompt challenge to a

10  Designating Party's confidentiality designation is necessary to avoid foreseeable

11  substantial unfairness, unnecessary economic burdens, or a later significant

12  disruption or delay of the litigation, a Party does not waive its right to challenge a

13  confidentiality designation by electing not to mount a challenge promptly after the

14  original designation is disclosed.

15          6.2    Meet and Confer.  A Party that elects to initiate a challenge to a

16  Designating Party's confidentiality designation must do so in good faith and must

17  begin the process by conferring directly (in voice to voice dialogue; other forms of

18  communication are not sufficient) with counsel for the Designating Party.  In

19  conferring, the challenging Party must explain the basis for its belief that the

20  confidentiality designation was not proper and must give the Designating Party an

21  opportunity to review the designated material, to reconsider the circumstances, and,

22  if no change in designation is offered, to explain the basis for the chosen

23  designation.  A challenging Party may proceed to the next stage of the challenge

24  process only if it has engaged in this meet and confer process first.

25          6.3    Judicial Intervention.  A Party that elects to press a challenge to a

26  confidentiality designation after considering the justification offered by the

27  Designating Party may file and serve a motion under Civil Local Rule 7 (and in

28  compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged

1  material and sets forth in detail the basis for the challenge.  Each such motion must

2  be accompanied by a competent declaration that affirms that the movant has

3  complied with the meet and confer requirements imposed in the preceding

4  paragraph and that sets forth with specificity the justification for the confidentiality

5  designation that was given by the Designating Party in the meet and confer dialogue.

6  The burden of persuasion in any such challenge proceeding shall be on

7  the Designating Party.  Until the court rules on the challenge, all parties shall

8  continue to afford the material in question the level of protection to which it is

9  entitled under the Producing Party's designation.

10

11  7.  ACCESS TO USE OF PROTECTED MATERIAL

12  7.1  Basic Principles.  A Receiving Party may use Protected Material

13  that is disclosed or produced by another Party or by a non-party in connection with

14  this case only for prosecuting, defending, or attempting to settle this litigation.  Such

15  Protected Material may be disclosed only to the categories of persons and under the

16  conditions described in this Order.  When the litigation has been terminated, a

17  Receiving Party must comply with the provisions of section 11, below (FINAL

18  DISPOSITION).

19  Protected Material must be stored and maintained by a Receiving Party

20  at a location and in a secure manner that ensures that access is limited to the persons

21  authorized under this Order.  Pages of transcribed deposition testimony or exhibits

22  to depositions that reveal Protected Material must be separately bound by the court

23  reporter and may not be disclosed to anyone except as permitted under this

24  Stipulated Protective Order.

25  7.2  Disclosure of "CONFIDENTIAL" Information or Items.  Unless

26  otherwise ordered by the court or permitted in writing by the Designating Party, a

27  Receiving Party may disclose any information or item designated CONFIDENTIAL

28  only to:

1          a.     the Receiving Party's Outside Counsel of record in this

2 action, as well as employees of said Counsel to whom it is reasonably necessary to

3 disclose the information for this litigation;

4          b.     the officers, directors, and employees (including House

5 Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

6 litigation;

7          c.     experts (as defined in this Order) of the Receiving Party to

8 whom disclosure is reasonably necessary for this litigation and who have signed the

9 "Agreement to Be Bound by Protective Order" (Exhibit A);

10          d.     the Court and its personnel;

11          e.     court reporters, their staffs, and professional vendors to

12 whom disclosure is reasonably necessary for this litigation and who have signed the

13 "Agreement to Be Bound by Protective Order" (Exhibit A);

14          f.     during their depositions, witnesses in the action to whom

15 disclosure is reasonably necessary and who, from the face of the document, appear

16 to have previously authored or received it, and who have signed the "Agreement to

17 Be Bound by Protective Order" (Exhibit A).

18          g.     the author of the document or the original source of the

19 information.

20      7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

21 EYES ONLY" Information or Items.  Unless otherwise ordered by the court or

22 permitted in writing by the Designating Party, a Receiving Party may disclose any

23 information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

24 EYES ONLY" only to:

25          a.     the Receiving Party's Outside Counsel of record in this

26 action, as well as employees of said Counsel to whom it is reasonably necessary to

27 disclose the information for this litigation;

28

1        b.      House Counsel of a Receiving Party (1) who has no
2   involvement in competitive decision-making or in patent prosecutions involving
3   product information management systems, and (2) to whom disclosure is reasonably
4   necessary for this litigation;

5        c.      Experts (as defined in this Order) (1) to whom disclosure
6   is reasonably necessary for this litigation, (2) who have signed the "Agreement to
7   Be Bound by Protective Order" (Exhibit A), and (3) as to whom the procedures set
8   forth in paragraph 7.4, below, have been followed];

9        d.      the Court and its personnel;

10       e.      court reporters, their staffs, and professional vendors to
11  whom disclosure is reasonably necessary for this litigation and who have signed the
12  "Agreement to Be Bound by Protective Order" (Exhibit A); and

13       f.      the author of the document or the original source of the
14  information.

15       7.4     Procedures for Approving Disclosure of "HIGHLY
16  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to
17  "Experts"

18       a.      Unless otherwise ordered by the court or agreed in writing
19  by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in
20  this Order) any information or item that has been designated "HIGHLY
21  CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written
22  request to the Designating Party that (1) identifies the specific HIGHLY
23  CONFIDENTIAL information that the Receiving Party seeks permission to disclose
24  to the Expert, (2) sets forth the full name of the Expert and the city and state of his
25  or her primary residence, (3) attaches a copy of the Expert's current resume,
26  (4) identifies the Expert's current employer(s), (5) identifies each person or entity
27  from whom the Expert has received compensation for work in his or her areas of
28  expertise or to whom the expert has provided professional services at any time

1    during the preceding five years, and (6) identifies (by name and number of the case,

2    filing date, and location of court) any litigation in connection with which the Expert

3    has provided any professional services during the preceding five years.

4            b.      A Party that makes a request and provides the information

5    specified in the preceding paragraph may disclose the subject Protected Material to

6    the identified Expert unless, within seven court days of delivering the request, the

7    Party receives a written objection from the Designating Party.  Any such objection

8    must set forth in detail the grounds on which it is based.

9            c.      A Party that receives a timely written objection must meet

10    and confer with the Designating Party (through direct voice to voice dialogue) to try

11    to resolve the matter by agreement.  If no agreement is reached, the Party seeking to

12    make the disclosure to the Expert may file a motion as provided in Civil Local

13    Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking

14    permission from the court to do so.  Any such motion must describe the

15    circumstances with specificity, set forth in detail the reasons for which the

16    disclosure to the Expert is reasonably necessary, assess the risk of harm that the

17    disclosure would entail and suggest any additional means that might be used to

18    reduce that risk.  In addition, any such motion must be accompanied by a competent

19    declaration in which the movant describes the parties' efforts to resolve the matter

20    by agreement (i.e., the extent and the content of the meet and confer discussions)

21    and sets forth the reasons advanced by the Designating Party for its refusal to

22    approve the disclosure.

23            In any such proceeding the Party opposing disclosure to the

24    Expert shall bear the burden of proving that the risk of harm that the disclosure

25    would entail (under the safeguards proposed) outweighs the Receiving Party's need

26    to disclose the Protected Material to its Expert.

27

28

1    8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED
2  PRODUCED IN OTHER LITIGATION.

3         If a Receiving Party is served with a subpoena or an order issued in
4  other litigation that would compel disclosure of any information or items designated
5  in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
6  ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating
7  Party, in writing (by fax, if possible) immediately and in no event more than three
8  court days after receiving the subpoena or order.  Such notification must include a
9  copy of the subpoena or court order.

10        The Receiving Party also must immediately inform in writing the Party
11  who caused the subpoena or order to issue in the other litigation that some or all the
12  material covered by the subpoena or order is the subject of this Protective Order.  In
13  addition, the Receiving Party must deliver a copy of this Stipulated Protective Order
14  promptly to the Party in the other action that caused the subpoena or order to issue.

15        The purpose of imposing these duties is to alert the interested parties to
16  the existence of this Protective Order and to afford the Designating Party in this case
17  an opportunity to try to protect its confidentiality interests in the court from which
18  the subpoena or order issued.  The Designating Party shall bear the burdens and the
19  expenses of seeking protection in that court of its confidential material – and
20  nothing in these provisions should be construed as authorizing or encouraging a
21  Receiving Party in this action to disobey a lawful directive from another court.
22

23        9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24        If a Receiving Party learns that, by inadvertence or otherwise, it has
25  disclosed Protected Material to any person or in any circumstance not authorized
26  under this Stipulated Protective Order, the Receiving Party must immediately
27  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use
28  its best efforts to retrieve all copies of the Protected Material, (c) inform the person

1  or persons to whom unauthorized disclosures were made of all the terms of this
2  Order, and (d) request such person or persons to execute the "Acknowledgment and
3  Agreement to Be Bound" that is attached hereto as Exhibit A.

5        10.    **FILING PROTECTED MATERIAL.**

6          Without written permission from the Designating Party or a court order
7  secured after appropriate notice to all interested persons, a Party may not file in the
8  public record in this action any Protected Material.  A Party that seeks to file under
9  seal any Protected Material must provide the Designating Party with a minimum of
10  5 days notice in addition to any notice required to secure a court order and must
11  comply with Civil Local Rule 79-5.  A Party that seeks to use or disclose any
12  Protected Material, including information or documents, at any hearing or trial, must
13  provide the Designating Party with a minimum of 5 days notice in addition to any
14  applicable notice required by the Court.

16        11.    **FINAL DISPOSITION.**

17          Unless otherwise ordered or agreed in writing by the Producing Party,
18  within sixty days after the final termination of this action, each Receiving Party
19  must return all Protected Material to the Producing Party.  As used in this
20  subdivision, "all Protected Material" includes all copies, abstracts, compilations,
21  summaries or any other form of reproducing or capturing any of the Protected
22  Material.  With permission in writing from the Designating Party, the Receiving
23  Party may destroy some or all of the Protected Material instead of returning it.
24  Whether the Protected Material is returned or destroyed, the Receiving Party must
25  submit a written certification to the Producing Party (and, if not the same person or
26  entity, to the Designating Party) by the sixty day deadline that identifies (by
27  category, where appropriate) all the Protected Material that was returned or
28  destroyed and that affirms that the Receiving Party has not retained any copies,

1  abstracts, compilations, summaries or other forms of reproducing or capturing any
2  of the Protected Material.  Notwithstanding this provision, Counsel are entitled to
3  retain an archival copy of all pleadings, motion papers, transcripts, legal
4  memoranda, correspondence or attorney work product, even if such materials
5  contain Protected Material.  Any such archival copies that contain or constitute
6  Protected Material remain subject to this Protective Order as set forth in Section 4
7  (DURATION), above.
8
9      12.    MISCELLANEOUS
10         12.1   Right to Further Relief.  Nothing in this Order abridges the right
11  of any person to seek its modification by the Court in the future.
12         12.2   Right to Assert Other Objections.  By stipulating to the entry of
13  this Protective Order no Party waives any right it otherwise would have to object to
14  disclosing or producing any information or item on any ground not addressed in this
15  Stipulated Protective Order.  Similarly, no Party waives any right to object on any
16  ground to use in evidence of any of the material covered by this Protective Order.
17
18  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.
19  DATED: August    ,2007         LITTON & GEONETTA, LLP
20         Oct. 1, 2007
21                                 By
22                                    Frederick J. Geonetta
                                      Thomas Marc Litton
                                      Attorneys for Plaintiff Cardonet Inc.
23  DATED: August   , 2007          LAW OFFICES OF KENNETH FRUCHT
24         Oct. 1, 2007
25                                 By
26                                    Kenneth Frucht
                                      Attorneys for Plaintiff Cardonet Inc.
27
28
                                   -14-            Case No. CV 06-06637 (RMW)
                                                   STIPULATED PROTECTIVE ORDER

1   DATED:  October 3, 2007          QUINN EMANUEL URQUHART OLIVER &
2                                    HEDGES, LLP

3                                    By
4                                       Joseph M. Paunovich
5                                       Attorneys for International Business
                                        Machines

6   PURSUANT TO STIPULATION, IT IS SO ORDERED

7   DATED:  October 9, 2007

8

9

10  ~~The Honorable Ronald M. Whyte~~
    ~~United States District Court Judge~~
11      Hon. Patricia V. Trumbull
        U.S. Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-                              Case No. CV 06-06637 (RMW)
                                  STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of

_____ [*print or type full address*], declare under penalty of

perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States District Court for the Northern District of

California on [date] in the case of *Cardonet, Inc. v. IBM, Inc., Case No. CV -6-*

*06637 (RMW)*.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Northern District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [*print or type full name*],

of _____ [*print or type full address and telephone number*], as my

California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
                                     [printed name]

Signature: _____
                          [signature]