UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARDONET, INC., <br><br> Plaintiff, <br><br> v. <br><br> IBM CORPORATION, <br><br> Defendant. | Case No.: C 06-6637 RMW (PVT) <br><br> **ORDER GRANTING IBM CORPORATION'S MOTION FOR PROTECTIVE ORDER** |

On November 20, 2007, Plaintiff Cardonet, Inc. ("Cardonet") and Defendant IBM Corporation ("IBM") appeared before Magistrate Judge Patricia V. Trumbull for hearing on IBM's motion for a protective order.[1] Based on the briefs and arguments presented,

IT IS HEREBY ORDERED that IBM's motion for protection is GRANTED. Cardonet and its counsel shall refrain from interfering with IBM's attempts to interview any non-party witnesses, including Richard Stegina, absent a protective order as to that particular witness.

Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part:

"Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

pending . . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Here, Cardonet's conduct in instucting Mr. Stegina not to have any *ex parte* contacts with IBM's counsel imposed an undue burden on IBM's ability to prepare its defense in this case. The burden is "undue" because California law expressly allows counsel for one party to have *ex parte* communications with an opposing party's former "control group" employees. *See Nalian Truck Lines, Inc. v. Nakano Warehouse & Transportation Corp.*, 6 Cal.App.4th 1256 (1992). Thus, relief under Rule 26(c) is warranted. IBM's counsel may have *ex parte* contact with Mr. Stegina, and may inquire about any non-privileged matters. This includes any communications between any of Cardonet's attorneys and either Mr. Stegina or other Cardonet employees, where the information communicated was ***not*** intended by Cardonet to be kept confidential.[2]

With regard to IBM's request for monetary sanctions, that issue is the subject of the motion IBM scheduled for December 18, 2007, and is not properly before the court at this time. *See* Civil L.R. 7-8(a).

Dated: *11/20/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] Under California law, only information intended to be kept confidential is protected by the attorney-client privilege. California Evidence Code section 952 provides that:

"'confidential communication between client and lawyer' means information transmitted between a client and his or her lawyer in the course of that relationship ***and in confidence*** by a means which, so far as the client is aware, discloses the information to no third persons other than those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship." (Emphasis added.)

Communications which were intended to be relayed to a third-party (such as IBM, IBM's counsel, or anyone else outside of Cardonet) are not privileged because the communication was not intended to be kept confidential to begin with. For example many attorney-client communications that occur during contract negotiations are not privileged because they involve information which the client intends will be passed on to the party with whom it is negotiating. The key factor is whether the client intended, at the time of a particular communication, that the communication remain confidential.