UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARDONET, INC., <br><br> Plaintiff, <br><br> v. <br><br> IBM CORPORATION, <br><br> Defendant. | Case No.: C 06-6637 RMW (PVT) <br><br> **AMENDED ORDER RE PLAINTIFF'S MOTION TO SHORTEN TIME FOR HEARING MOTION FOR PROTECTIVE ORDER** |

On November 15, 2007, Plaintiff filed a motion to shorten time for hearing on a motion for protective order.[1]  Having reviewed the papers submitted by Plaintiff, the court finds it appropriate to issue this order without further briefing.  Based on the brief presented,

IT IS HEREBY ORDERED that Plaintiff's motion to shorten time is DENIED.  Plaintiff has not made any pertinent showing why it could not have sought protection sooner, nor any non-speculative showing of substantial harm or prejudice if the motion is not heard on shortened time.

Plaintiff notes that it did not know until November 9, 2007 that defense counsel had contacted Mr. Stegina to set up an informal interview.  However, the relevant time frame is how long Plaintiff has known that Mr. Stegina *could* be contacted by defense counsel.  Plaintiff does not state

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

*when* Mr. Stegina left its employ. There was no requirement for either Mr. Stegina or defense counsel to inform Plaintiff of the planned interview. Thus, the time for Plaintiff to make a determination of whether it needed to seek a protective order was when Mr. Stegina left Plaintiff's employ or when this lawsuit was filed, whichever occurred later.

Plaintiff's showing of potential harm amounts to nothing more than counsel's speculation that Mr. Stegina, a senior business executive whom Plaintiff deemed its "point person communicating with Cardonet's legal counsel on a regular basis," *might* not understand what information communicated between Cardonet and its counsel was intended to be maintained in confidence. Plaintiff fails to show any factual basis for finding Mr. Stegina lacks such understanding.[2]

Finally, the concerns raised in Plaintiff's motion will be addressed in connection with Defendant's motion for protection. The court's request that Plaintiff explain its failure to seek a protective order was not an invitation to do so. It was instead intended to give Plaintiff an opportunity to explain why, if it thinks protection is warranted, it did not timely seek such protection after Mr. Stegina left its employ.

Dated: *11/20/07*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[2] As Plaintiff's "point person" for communicating with counsel, Mr. Stegina presumably knew what information Plaintiff intended to keep confidential at the time of his communications with counsel.