UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARDONET, INC., <br><br> Plaintiff, <br><br> v. <br><br> IBM CORPORATION, <br><br> Defendant. | Case No.: C 06-6637 RMW (PVT) <br><br> **ORDER RE PLAINTIFF'S MOTION TO COMPEL AND REOPEN DISCOVERY** |

On February 29, 2008, Plaintiff Cardonet, Inc. filed a motion to compel and reopen discovery.[1] Defendant IBM Corporation opposed the motion. Having reviewed the papers submitted by the parties, the court finds it appropriate to issue this order without oral argument. Based on the moving, opposition and reply briefs submitted,

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED. Defendant shall allow Plaintiff to re-inspect the clone.

Rule 26(a)(1)(A)(ii) provides, in relevant part, that a party "must, without awaiting a discovery request, provide to the other parties". . . "a copy — or a description by category and location — of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

ORDER, *page 1*

defenses. Rule 26(e) requires a party who has made such a disclosure to supplement or correct its disclosure:

> "(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> "(B) as ordered by the court."

Under all the circumstances of this case, the court finds it appropriate to order IBM to supplement its disclosure of the "clone." IBM voluntarily disclosed the clone to Cardonet (albeit to further its own financial interest in freeing up its more expensive server for other business purposes rather than solely to comply with its initial disclosure obligations). Given the importance of the evidence maintained on the clone to the present litigation, this was clearly a disclosure "of electronically stored information, and tangible things that [IBM] has in its possession, custody, or control and may use to support its claims or defenses," and thus constituted a Rule 26(a)(1)(A)(ii) disclosure subject to the supplementation provisions of Rule 26(e). An order requiring supplementation at this time is warranted both because it appears work was done on the clone after the original inspection, and because it appears there may have been a genuine misunderstanding with regard to the scope of the parties' agreement regarding whether Cardonet would have ongoing access to the clone.

Dated: *4/7/08*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*