E-FILED on     4/7/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CARDONET, INC.,<br><br>            Plaintiff,<br><br>     v.<br><br>IBM CORPORATION, et al.,<br><br>            Defendants. | No. C-06-06637 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART IBM'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING CARDONET'S MOTION TO STRIKE<br><br>**[Re Docket Nos. 94, 99, 106]** |

Defendant IBM Corporation ("IBM") has filed two motions for summary judgment. The first motion addresses which license agreement controls the parties' relationship, whether the applicable agreement is susceptible to only one reasonable interpretation, and whether the interpretation requires summary judgment in favor of IBM. The second motion addresses the legal viability of various other claims made by the plaintiff Cardonet, Inc. ("Cardonet"). Cardonet opposes both motions. Cardonet has also filed a motion to strike or continue the second motion for summary judgment. The court has read the papers and considered the arguments of counsel. For the reasons set forth below, the court grants in part and denies in part IBM's motions for summary

judgment and denies Cardonet's motion to strike.

With respect to the breach of contract claim, the court finds the contracts sufficiently ambiguous that they are reasonably susceptible to both parties' interpretations. *Mellon Bank, N.A. v. United Bank Corp. of N.Y.*, 31 F.3d 113, 115 (2d Cir. 1994). The meaning of the contract's SKU limitation and the details of the 2006 service plan are therefore both questions of fact, and the parties' intent will have to be discerned at the upcoming bench trial. *Accord id.* at 115-16.

IBM's motion for summary judgment is well-taken with respect to Cardonet's non-contract claims. With respect to its claim for promissory estoppel, Cardonet conceded at the hearing that no direct promises were made by IBM. The only "promise" Cardonet identified was the contract's provision to meet to discuss whether IBM owed additional money for excess software usage. This may enter into the breach of contract analysis at trial, but because it is a provision in a formal contract, it cannot serve as the basis for a promissory estoppel claim.

Cardonet's claims for fraud and negligent misrepresentation arise from alleged facts relating to the parties' license agreement. To the extent Cardonet's claims are based on IBM's failure to meet to discuss usage, New York law is clear that "a cause of action for fraud does not arise when the only alleged fraud relates to a breach of contract." *Manshul Const. Corp. v. City of New York*, 143 A.D.2d 333, 336 (N.Y. App. Div. 1988). To the extent Cardonet's claim are based on some other false statement, Cardonet has not met is burden of production in opposing IBM's motion for summary judgment.

Cardonet also alleges that IBM converted Cardonet's property by exceeding the usage limit in the parties' license agreement. While New York broadly applies the tort of conversion to intangible property, *see Thyroff v. Nationwide Mutual Insurance Co.*, 8 N.Y.3d 283, 288-93 (2007), a claim for conversion does not lie here. Fundamentally, conversion requires the "wrongful exercise of dominion" over another's property. *State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 260 (2002). This requires some deprivation of ownership. In *Thyroff*, the New York Court of Appeals held that a claim of conversion could exist where a person took possession of another's computer files, depriving the rightful owner of access to their data. 8 N.Y.3d at 292-93. Here, IBM did not

ORDER GRANTING IN PART AND DENYING IN PART IBM'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING CARDONET'S MOTION TO STRIKE
No. C-06-06637 RMW
TSF                                                                 2

deprive Cardonet of Cardonet's software or Cardonet's data – it allegedly exceeded the usage limit in a software license.  While such activity can support a claim for a breach of the license agreement, IBM has not wrongfully deprived Cardonet of Cardonet's property, hence there can be no claim for conversion.

Lastly, Cardonet filed a motion to strike or continue IBM's second motion for summary judgment because IBM's filing violates Civil Local Rule 7-2(b).  Because Cardonet has not demonstrated any prejudice arising from opposing an additional motion, the court declines to strike the motion.  *See Burger v. Kuimelis*, 325 F. Supp. 2d 1026, 1030-31 (N.D. Cal. 2004) (Walker, J.).

For the foregoing reasons, the court:

1. DENIES IBM's motions for summary judgment with respect to Cardonet's breach of contract claim;
2. DENIES Cardonet's motion to strike IBM's second motion for summary judgment;
3. GRANTS IBM's motion for summary judgment with respect to Cardonet's promissory estoppel claim;
4. GRANTS IBM's motion for summary judgment with respect to Cardonet's conversion claim;
5. GRANTS IBM's motion for summary judgment with respect to Cardonet's fraud claim; and
6. GRANTS IBM's motion for summary judgment with respect to Cardonet's negligent misrepresentation claim.

DATED:   4/7/08

*Ronald M Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Kenneth N. Frucht          Kfrucht@aol.com
Frederick J. Geonetta      landglawyers@msn.com
Thomas Marc Litton         tmlitton@compuserve.com

**Counsel for Defendants:**

Shon Morgan                shonmorgan@quinnemanuel.com
Joseph Mel Paunovich       joepaunovich@quinnemanuel.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   4/7/08                                    TSF
                                              **Chambers of Judge Whyte**

**United States District Court**
For the Northern District of California

ORDER GRANTING IN PART AND DENYING IN PART IBM'S MOTIONS FOR SUMMARY JUDGMENT AND DENYING CARDONET'S MOTION TO STRIKE
No. C-06-06637 RMW
TSF                                            4